UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:20-CR-134-KHJ-LGI

DEVADRICK MARKEVIN BOOKER

ORDER

Before the Court are the parties' Motions in Limine. For the following reasons, the Court grants Defendant Devadrick Markevin Booker's motion [59], denies the Government's first motion [60], and grants the Government's second motion [69].

I. Background

Jackson Police Department ("JPD") responded to a drive-by shooting near Booker's home on or about September 8, 2020. [60-3] at ¶ 3-4. In that shooting, Booker's brother was shot in the wrist and leg. *Id.* Booker heard him screaming for help and, while JPD was on the scene, called Marzavier Harrington and Erica Burns to come to his house. *Id.* at ¶¶ 3-4. JPD officers called ATF Special Agent Micah Snyder around 3:04 a.m. to assist at the scene. [60-1] at ¶ 1.

Agent Snyder drove to the area in an unmarked car. *Id.* at ¶ 2. He arrived around 4:10 a.m., shortly after JPD left the scene. *Id.* He passed the subject property on his passenger side and did not see any officers or anyone outside. *Id.* He continued past the subject property then lowered his window as he turned around to leave. *Id.* As he passed the property a second time, he saw Booker standing in the

driveway and pointing a pistol in his direction. *Id.* Agent Snyder accelerated, then heard gunshots. *Id.* at ¶ 2. One of the shots hit his driver-side rear door handle. *Id.* at ¶ 8.

Agent Snyder and JPD returned to the scene and saw a vehicle parked in the driveway with two individuals inside. *Id.* at ¶3. The officers ordered the two individuals to step outside of the vehicle and identified them as Harrington and Burns. *Id.* Harrington told the officers he arrived while JPD was on the scene but was still present when Agent Snyder drove by. [60-2] at ¶¶ 3, 6. He said he saw Booker shoot three or four times. *Id.* at ¶ 7. Booker confessed to shooting at the vehicle in a later interview. [60-3] at ¶ 8. He said he did so in fear that the driver was about to shoot at him. *Id.* at ¶ 7.

A Grand Jury indicted Booker for assaulting a federal law enforcement officer in violation of 18 U.S.C. § 111(a)(1), and for discharging a firearm during a violent crime in violation of 18 U.S.C. § 924(c). Trial begins November 1, 2022. Booker now moves to exclude certain photographs found on his Facebook page and to prevent the Government from mentioning purported drugs found in the vehicle of one of his visitors at his home. [59]. The Government moves to preclude Booker from raising self-defense [60] and from introducing body-camera footage taken at the scene as evidence [69].

II.     Standard

Motions in limine aim to preclude opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the

2

moving party that a timely motion to strike or a [jury instruction] cannot overcome its prejudicial influence on the jurors' minds." *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)). A granted motion in limine "does not preclude the party sponsoring the evidence from revisiting the issue at trial[,] but that party must raise the issue outside the jury's presence." *Id.* (quoting *United States v. Beasley*, No. 3:20-CR-36, 2020 WL 6438255, at *1 (S.D. Miss. Nov. 2, 2020)).

### III. Analysis

#### A. Booker's Motion

Booker asks the Court to preclude the Government from presenting certain photographs and drugs as evidence because it is irrelevant and prejudicial. [59] at 2. The Government responds that it does not intend to introduce those photographs or mention the drugs in its case-in-chief but reserves the right to cross-examine any witnesses the defendant questions about that evidence. The Court accordingly grants the motion. If the photographs or drugs become relevant at trial, the Court expects the Government to refrain from seeking to introduce that evidence without first seeking the Court's permission outside the presence of the jury.

#### B. The Government's Motions

##### i. Self-Defense

The Government first asks the Court to preclude Booker from asserting self-defense. It argues Booker's actions would not qualify as self-defense because Agent Snyder driving by Booker's home without raising a gun or weapon does not justify

Booker in shooting or otherwise using force. Booker responds that the Government's argument rests on the "false premise" that Agent Snyder "simply drove by" and that the motion is premature.

Procedurally, a defendant is entitled to a jury instruction as to any recognized defense if he presents "evidence sufficient for a reasonable jury to find in his favor." *United States v. Alvarado*, 630 F. App'x 271, 273 (5th Cir. 2015) (per curiam) (quoting *Mathews v. United States*, 485 U.S. 58, 63 (1988)). "Evidence is sufficient where it raises a factual question for a reasonable jury." *Id.* (quoting *United States v. Branch*, 91 F.3d 699, 712 (5th Cir. 1996) (cleaned up). A district court cannot refuse to give an instruction if sufficient evidence exists for a reasonable juror to find the defendant acted in self-defense, but it need not "put the case to the jury on a basis that essentially indulges and even encourages speculations." *Id.* (quoting *United States v. Collins*, 690 F.2d 431, 438 (5th Cir. 1982)).

Substantively, a defendant asserting self-defense must demonstrate that he was "unaware of the federal officer's identity and reasonably believed the officer intended to damage his home or injure his family." *Id.* at 274 (citing *United States v. Ochoa*, 526 F.2d 1278, 1281–82 (5th Cir. 1976)). "In other words, the ultimate question is whether the defendant believed that he needed to defend himself against an assault by a private citizen." *Id.* (quoting *United States v. Kleinebreil*, 966 F.2d 945, 951 (5th Cir. 1992)) (cleaned up).

The Court does not find it appropriate to make a pretrial determination on

4

Booker's self-defense and accordingly denies the Government's motion as premature.

    ii. Body-Camera Footage

The Government next asks the Court to preclude Booker from introducing body-camera footage taken at the scene as evidence on several grounds. [69] at 2. Booker responds that it does not intend to introduce body-camera footage during its case-in-chief. The Court accordingly grants the motion. If the footage becomes relevant at trial, the Court expects Booker to refrain from seeking to introduce that evidence without first seeking the Court's permission outside the presence of the jury.

IV.   Conclusion

The Court has considered all arguments. Those it does not address would not have changed the outcome. For the stated reasons, the Court GRANTS [59] Defendant Devadrick Markevin Booker's Motion in Limine, DENIES [60] the Government's Motion in Limine, and GRANTS [69] the Government's second Motion in Limine.

SO ORDERED, this the 17th day of October, 2022.

                                          s/ *Kristi H. Johnson*
                                          UNITED STATES DISTRICT JUDGE